**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| BEL AIR INTERNET, LLC, | ) | No. CV 14-5290-GW(ASx) |
| Plaintiff, | ) | |
| | ) | PRELIMINARY INJUNCTION |
| v. | ) | |
| | ) | |
| MARTIN MADSEN, | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

Having considered Plaintiff Bel Air Internet, LLC's ("BAI") Motion for Preliminary Injunction, all supporting documents filed therewith, Defendant Martin Madsen's ("Madsen") Opposition, all supporting documents filed therewith, and the argument of counsel, and consistent with the reasoning stated in the Court's Tentative Order and its comments at the Preliminary Injunction Hearing, the Court HEREBY ORDERS AS FOLLOWS:

1. Pending the outcome of this action or until this Court orders otherwise, Madsen IS RESTRAINED AND ENJOINED from doing any of the following, or encouraging, aiding, or assisting another person to do any of the following:

A. Accessing BAI's computers and servers through any means, other than as authorized by BAI or lawful discovery procedures in state or federal court;

B. Deleting, disposing of, destroying, altering, using or disclosing to anyone any BAI data, documents, software, files and/or folders

-1-

1   containing any information that Madsen downloaded or otherwise
2   copied from BAI's computers, networks, or servers after leaving day-to-
3   day employment with BAI in December 2012;

4   C. Using or disclosing any of BAI's customers' "personal information"
5   in any manner, as that term is defined in Cal. Civ. Code § 1798.80(e).

6   2.  It is FURTHER ORDERED that:

7   A.  BAI and Madsen are to engage a third party computer forensic
8   expert (the "TPCFE") to make a mirror image of Madsen's computers'
9   hard drives;

10   B.  The parties are to share the costs for the making of the mirror image
11   equally;

12   C.  Once the mirror image is completed, it shall be deposited with the
13   Court for safekeeping;

14   D.  Either party may ask the TPCFE to query the mirror-image hard
15   drive, but only as relevant to this case, and not as a substitute for the
16   discovery process in the State Court Action (*Bel Air Internet, LLC v.*
17   *Martin Madsen*, Los Angeles Superior Court Case No. BC 534088.) –
18   the requesting party shall bear the costs of any such search;

19   E.  Before running a search query, the requesting party shall provide the
20   opposing party with the search query to be run, and, if there is an
21   objection, attempt to resolve the dispute informally before raising it as
22   a discovery dispute;

23   F.  Objections shall be handled as normal discovery disputes.

24   3.  If is FURTHER ORDERED that:

25   A.  BAI shall provide Madsen with a specific list of the information it
26   considers to be trade secret, drawn from the data, documents, software,
27   files and/or folders described in ¶ 1.B., above;

28   B.  If the parties disagree as to BAI's trade-secret designation, they must

meet-and-confer in-person, discuss each disagreement, and provide legal support for their respective positions.  Only after meeting and conferring in this manner, and only after the passage of 10 additional days, the parties may file a Joint Stipulation with this Court, set for hearing no less than 28 days later, in the manner in which parties file discovery motions in this district.  C.D. Cal. L.R. 37-2.  In filing that motion, each side must set out the specific trade-secret designation in dispute, and the facts and legal authority upon which it or he relies in contending that the item is or is not a trade secret owned by BAI;

B.  Once the parties have an established list of trade secrets, Madsen shall be RESTRAINED AND ENJOINED from using or disclosing, or encouraging, aiding, or assisting another person to use or disclose, BAI's designated trade secrets for any purpose, pending the outcome of this action or until this Court orders otherwise;

C.  The foregoing restriction shall not prohibit Defendant from using and/or disclosing information pertaining to BAI that is publicly available, generally known in the industry or by the general public, or that Defendant gained or gains access to independent of the data, documents, software, files and/or folders described in ¶ 1.B., above.

4.  This Order shall become effective immediately and BAI shall not be required to post a bond.  If either side objects to a portion of the Order, it shall bring the objection immediately by way of an *Ex Parte* Motion.

Dated: This 3rd day of September 2014.

_George H. Wu_

GEORGE H. WU
United States District Judge